UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH ATLANTIC
OPERATING COMPANY,
INC. and NATIONAL
TOBACCO COMPANY,
L.P.,

      Petitioners,

v.

DUNHUANG GROUP d/b/a
DHgate, DHPORT,
DHLINK, and DHPAY,

      Respondents.
_____/

Case No. 4:18-mc-51051
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**<u>OPINION and ORDER DENYING THIRD PARTY SHIJI FUXUAN
TECHNOLOGY DEVELOPMENT (BEIJING) LIMITED'S JANUARY 10,
2019 MOTION (DE 26) TO VACATE THE COURT'S OCTOBER 11, 2018
ORDER (DE 12)</u>**

**I. OPINION**

    **A. The Underlying Action (Case No. 4:17-cv-10964-LVP-APP)**

        **1. Complaint**

North Atlantic Operating Company, Inc. ("North Atlantic"), and National Tobacco Company, L.P. ("National Tobacco") are "makers of ZIG-ZAG® Orange cigarette paper[.]" (DE 2 ¶ 1.) They have filed multiple trademark-based lawsuits in this Court. One of these, filed on March 28, 2017, underlies the matter currently

1

at bar and is described as "an anti-counterfeiting action against those who manufacture, sell, or otherwise distribute counterfeit versions of North Atlantic's highly popular ZIG-ZAG® brand cigarette paper products in Michigan and nationwide." *North Atlantic Operating Company, Inc. v. EBay Seller dealz_f0r_you, et al*, Case No. 4:17-cv-10964-LVP-APP (DE 1 at 5.)[1]

## 2. Expedited discovery

On May 3, 2017, Judge Parker granted North Atlantic's and National Tobacco's motion for a temporary restraining order; in doing so, the Court granted the request for expedited discovery and required "third party providers," including DHGate, to provide expedited discovery. (*Id*. at DE 16 at 8, 16-18.) The "DHgate Family" appears to be made up of DHlink, DHpay, DHport, DHmobile, DHtraining, and DHcredit.[2]

Several months later, in November 2017, North Atlantic and National Tobacco filed an *ex parte* motion for limited expedited discovery from third parties DHgate, DHport, DHlink, DHpay, and others within Dunhuang Group of e-

---

[1] *See also*: **(1)** Case No. 2:13-cv-11791-GER-MAR (*North Atlantic Operating Company, Inc, et al v. Haithem Inc, et al.*); **(2)** Case No. 4:15-cv-14013-TGB-DRG (*North Atlantic Operating Company, Inc., et al. v. Babenko, et al.*); **(3)** Case No. 4:16-cv-12076-TGB-DRG (*North Atlantic Operating Company, Inc., et al v. Scott, et al.*); and, **(4)** 2:18-cv-10134-LVP-MKM (*North Atlantic Operating Comp[an]y, Inc et al v. Hot Box Deals, et al.*).

[2] *See* https://www.dhgate.com/about/about_us.html#hp1806_about-brand (last visited Mar. 1, 2019). (*See also* DE 33 at 24.)

commerce companies ("DHgate parties").  (*Id*. at DE 95.)[3]  On November 29, 2017, Judge Parker referred the motion to me for hearing and determination.  (*Id*. at DE 99.)

On December 7, 2017, I entered an order granting North Atlantic's and National Tobacco's *ex parte* motion for limited expedited discovery.  Case No. 4:17-cv-10964-LVP-APP (DE 100.)  The order permitted them to serve the proposed Rule 45 subpoena (DE 96-2) on the DHgate Parties and required the DHgate parties, within fourteen (14) days of service of the subpoena, to respond and produce to North Atlantic and National Tobacco the information requested.  (*Id*. at 5.)

### 3. The subpoena and DHgate's response

By a subpoena dated December 8, 2017, and bearing Case No. 17-10964, North Atlantic and National Tobacco sought certain information from Dunhuang Group (d/b/a DHgate), DHlink, DHport, and DHpay, Inc.  (DE 10-2.)  The subpoena was served upon an individual at 1013 Centre Road, Suite 403-A,

---

[3] As petitioners point out, "www.dhgate.com is operated by Dunhuang Group[,] which is including but not limited to Shijihehuang International, Beijing Dunhuang Heguang Information Technology Ltd , RichPalace Holdings Limited(HK), etc." *See* http://help.dhgate.com/help/buyer_about_usen.php?catpid=g7 (last visited Mar. 1, 2019).  (DE 33 at 24-25, DE 35-4 at 16.)

Wilmington, DE. (DE 10-3; *see also* DE 10-5.)[4] By an email dated January 21, 2018, Cui Zeyi of DHgate informed Petitioners' counsel, "our opinion is that DHGate does not have the legal obligation to comply with the subpoena . . . [,]" citing improper service, lack of personal jurisdiction, and Chinese law, and explaining that "DHGate will provide requested information only upon satisfiable resolutions of all issues above." (DE 10-4 at 3-4.) Thereafter, on March 19, 2018, DHgate.com's Trust and Safety Department explained its view that "DHGate does not have the legal obligation to produce information . . .[,]" including the assertion that "DHGate is not subject to the compulsory subpoena power of U.S. courts." (DE 35-3 at 169-170.) Notwithstanding these acknowledgments of the subpoena and these stated "objections," <u>DHGate did not move to quash or seek a protective order from this Court</u>.[5]

### B. The "Dissolution" of DHpay, Inc.

On April 3, 2018, DHpay, Inc. was dissolved. (DE 26 at 33.) Still, the Court notes that:

---

[4] The affidavit of service was also filed in the underlying action, but it was stricken as "prohibited discovery, disclosure or a certificate of service thereof." Case No. 4:17-cv-10964-LVP-APP (DE 101). *See* E.D. Mich. LR 26.2 ("Filing Discovery Material").

[5] Perhaps coincidentally, effective March 19, 2018, Heguang International Limited assigned the DHGATE.COM trademark to Digital Trading Science & Technology (Beijing) Co. Ltd. (DE 35-9 at 6-8, 11-12.)

> All [Delaware] corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution . . . for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business . . . . With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution, the action shall not abate by reason of the dissolution . . . [T]he corporation shall, solely for the purpose of such *action, suit or proceeding,* be continued as a body corporate beyond the 3-year period and until any judgments, orders or decrees therein shall be fully executed . . . .

Del. Code Ann. tit. 8, § 278 (emphasis added). (*See also* DE 33 at 23-24.) Thus, DHpay, Inc. continues as a corporate body until approximately April 2021.

### C. Instant Matter (Case No. 4:18-mc-51051-LVP-APP)

#### 1. Petitioners' May 14, 2018 motion to compel

The instant matter began in the U.S. District Court for the District of Delaware on May 14, 2018, when North Atlantic and National Tobacco ("Petitioners") filed a motion to compel non-party Dunhuang Group d/b/a DHgate, DHlink, DHport, and DHpay to comply with the subpoena *duces tecum*. (Case No. 1:18-mc-00154-LPS (DE1).) On July 11, 2018, Judge Leonard P. Stark entered a memorandum order, which acknowledged that "DHpay has since dissolved as a Delaware corporation (*which does not affect this Court's ability to enforce a subpoena against DHpay . . .* )[,]" and transferred petitioners' motion to compel to this Court. (DE 2 at 4-5 (emphasis added).) Among other things, Judge Stark noted that transfer was "warranted so as to not disrupt the issuing court's

5

management of the Underlying Action[,]" and was "appropriate because the issuing court is better suited to decide whether the subpoena should be enforced." (DE 2 ¶¶ 5, 6.)

### 2. The September 14, 2018 show cause order

On July 13, 2018, Judge Parker referred the motion to compel to me for hearing and determination. (DE 4.) The Court requested certain information from Petitioners, which they provided on September 11, 2018. (DE 10.) On September 14, 2018, I entered an order requiring Respondents to show cause why Petitioners' proposed order should not enter and directing the Clerk of this Court to serve a copy of the order upon Respondents at the address used by Petitioners (c/o Registered Agents Ltd., 1013 Centre Road, Suite 403 A, Wilmington, Delaware 19805). (DE 11.) The docket for this case does not indicate that this order was returned to the Court as undeliverable. DHgate, DHport, and DHlink's owner later argues that it was not served with any notice of the Court's show cause order. (*See* DE 39 at 13.)

### 3. The Court's October 11, 2018 order granting the motion to compel

On October 11, 2018, this Court entered an order granting Petitioners' motion to compel third party Dunhuang Group d/b/a DHgate, DHlink, DHport, and DHpay (collectively, "Dunhuang Group") to produce documents requested by the subpoena, pursuant to Federal Rule of Civil Procedure 45. (DE 12.) Among other

6

things, the order required Dunhuang Group to pay North Atlantic's attorneys' fees and costs. (DE 12 at 2.) The copy of the order sent by the Court to the registered agent was returned to the Court. (DE 14.) However, Petitioners served a copy of the Order upon Dunhuang Group c/o zhouxu@dhgate.com (Emily Zhou), cuizeyi@dhgate.com (Cui (Jeff) Ze Yi), and xieyifeng@dhgate.com (Sean Xie), one of which sent a "read" receipt on October 11, 2018. (DE 13; *see also* DE 35-13 at 14-15.)

### 4. Dunhuang Group / DHgate's responses to the motion to compel

It is clear that, at some point, Dunhuang Group received a copy of the motion to compel. On October 18, 2018, Attorney Niu, as counsel for Dunhuang Group, informed Petitioners' counsel that Dunhuang Group had reviewed the motion to compel but that DHPay, Inc., was dissolved on April 3, 2018, *i.e.*, approximately 40 days before the filing of the motion to compel. (DE 35-10, DE 35-11 at 2-3, DE 35-13 at 12-14.) In addition, the email reiterated the position that Dunhuang Group was "not subject to the compulsory subpoena power of U.S. courts." (*Id.*)

Petitioners point out that, at the time of the October 18, 2018 email, Dunhuang Group could still have filed a timely motion for reconsideration of the Court's October 11, 2018 order. (DE 33 at 15.) On October 20, 2018, Petitioners' counsel considered the arguments meritless and as "already rejected by the Court

in this case." (DE 35-11 at 2, DE 35-13 at 12.) On November 7, 2018, Petitioners' counsel, attorney Lyndsay S. Ott and attorney Marcella Ballard filed declarations in further support of the motion to compel. (DEs 15, 16.) On November 11, 2018, via email, Dunhuang Group provided a "response in satisfaction of [the] requests." (DE 35-11 at 2, DE 35-13 at 11-12.) However, on November 19, 2018, Petitioners' counsel wrote a letter, which identified alleged deficiencies in DHGate's 4-page spreadsheet production. (DE 35-12.)

The parties' email communications continued from November 20, 2018 through December 19, 2018. (DE 35-13 at 2-11.) Within this timeframe, on December 6, 2018, Attorney Yue (Frank) Niu, counsel for DHgate, informed Petitioners' counsel that "<u>DHgate will produce the information after the parties agree on the fees and expenses issue</u>." (DE 17-4, DE 35-13 at 3-4 (emphasis added).)

### D. Shiji Fuxuan Technology Development (Beijing) Limited's Instant, January 10, 2019 Motion to Vacate

On January 9, 2019, counsel for Shiji Fuxuan Technology Development (Beijing) Limited (SFTD) filed a limited, special appearance in this matter. (DE 23.) By way of background, SFTD identifies itself as "a Chinese limited company and the owner of *DHgate, DHport* and *DHlink* . . . [.]" (DE 26 at 1 (emphasis in original).)

Currently before this Court is third party SFTD's January 10, 2019 "motion to vacate," by which SFTD specifically seeks to quash the December 8, 2017 subpoena *duces tecum* and vacate the Court's October 11, 2018 order granting Petitioners' motion to compel. (DE 26 at 2.) Among other things, SFTD contends that "Dunhuang Group" is not "a business entity or person," and is "merely a name." (DE 26 at 13, DE 26 at 35 ¶ 12.)[6] This contention runs contrary to Attorney Niu's October 18, 2018 email, which has a subject line referring to the instant miscellaneous case and in which he expressly states: "We represent Dunhuang Group in the above-referenced matter." (DE 35-10 at 2.) Moreover, Attorney Niu's statement perhaps brings into question whether SFTD even has standing to speak on Dunhuang Group's behalf. (*Id*.)

In any event, Petitioners have filed a response (DE 33), along with which their lawyers have filed two declarations: (1) Attorney Lott's declaration regarding DHgate, Inc.'s corporate records from the State of Delaware (DE 34), attached to which are Delaware "DHPay Inc." documents (DE 34-2) and Diane Wang documents (DE 34-3); and, (2) Attorney Maria R. Sinatra's declaration, which

---

[6] On January 15, 2019, in the underlying action, Judge Parker entered an order, which, *inter alia*, set the deadline for filing a motion for default judgment for January 22, 2019. (DE 196.) On that date, North Atlantic and National Tobacco filed a motion for default judgment and related relief, as well as related declarations. (DEs 201-203.) Petitioners contend that they were required to "seek a blanket amount of statutory damages, rather than actual damages or a tailored request for statutory damages." (DE 33 at 26.)

addresses recent communications between counsel (DE 35) and attached to which are multiple items, including a memorandum of law filed in the Delaware action (DE 35-2) and Attorney Victoria Danta's declaration filed in the Delaware action (DE 35-3). SFTD has filed a reply and an exhibit of unpublished cases. (DEs 39-40.)

Judge Parker has referred this motion to me for hearing and determination, and a hearing was held on February 26, 2019, at which Attorney Marcella Ballard appeared by telephone and Attorneys Lyndsay S. Ott and Adam E. Urbanczyk appeared in person. (DEs 27, 30.) At the conclusion of the hearing, I took the motion under advisement.

### E. Discussion

#### 1. SFTD's January 10, 2019 request to vacate the Court's October 11, 2018 order is not a timely motion for reconsideration.

As a preliminary matter, the Court must clarify the vehicle or vehicles – *i.e.*, the rule or rules – under which SFTD currently seeks relief. When SFTD entered its limited, special appearance on January 9, 2019, it contemporaneously filed a motion, which specifically asked the Court to: (**1**) quash the subpoena *duces tecum* issued on December 8, 2017 (Case No. 4:17-cv-10964-LVP-APP [*see* DE 101]); (**2**) vacate in its entirety the Court's October 11, 2018 order granting Petitioners' motion to compel (Case No. 4:18-mc-51051-LVP-APP [DE 12]); and (**3**) strike

10

Petitioners' December 19, 2018 motion to hold third party Dunhuang Group d/b/a DHgate, DHlink, DHport and DHpay in contempt (Case No. 4:18-mc-51051-LVP-APP [DE 17]). (DE 24 at 1-2.) However, the motion was promptly stricken, in part because the motion to vacate and the response needed to be separately filed. (DE 25.)

SFTD immediately filed the instant "motion to vacate," which purports to be based on Fed. R. Civ. P. 5 ("Serving and Filing Pleadings and Other Papers") and Fed. R. Civ. P. 45 ("Subpoena"). (DE 26 at 10.) However, SFTD's procedural basis for attacking the Court's October 11, 2018 order remains unclear. In addition, Petitioners correctly point out that any motion for rehearing or reconsideration of the Court's October 11, 2018 order was due on or about October 25, 2018. (DE 33 at 16, 21.) *See* E.D. Mich. LR 7.1(h)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."). SFTD did not file a motion for an extension of time on behalf of DHgate, DHport or DHlink. *See* Fed. R. Civ. P. 6(b) ("Extending Time."). The record is undisputable, as further established at the hearing, that Dunhuang Group's attorney was in possession of the motion to compel by at least as early as October 18, 2018, *a week before the motion for reconsideration was due*. (DE 35-10 at 2.) It appears to the Court that SFTD's instant motion, filed on January 10, 2019, is perchance being used as leverage to force Petitioners to drop

11

their claim for attorneys' fees, as described in the December 6, 2018 email. (DE 17-4 at 2 ("We do feel a deal on fees and expenses before production is the only way out. It is either an [sic] yes or no.").)

### 2. SFTD's January 10, 2019 request to vacate the Court's October 11, 2018 order is not properly based on Fed. R. Civ. P. 60(b)(4).

SFTD's *reply* re-frames its motion as one based on Fed. R. Civ. P. 60(b)(4). (DE 39 at 7-8, 15.) Rule 60(b)(4) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
> **(4)** the judgment is void;

Fed. R. Civ. P. 60(b)(4).

In sum, SFTD appears to contend that the Court's October 11, 2018 *order* is void. Fed. R. Civ. P. 60(b)(4). (DE 39 at 7-8, 15.) However, SFTD supports its statement that "Rule 60 jurisprudence in the Sixth and other federal circuits provides that courts are mandated to set aside *orders* which are void[,]" with cases that concern *judgments*. (DE 39 at 15 (emphases added).) *See, e.g., KNR, Inc. v. Copart, Inc.*, No. 1:14CV818, 2015 WL 3511332, at *1 (N.D. Ohio June 4, 2015) (regarding "Defendant Workers' Credit Union's combined Motion for Relief from Default Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4)"); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 440 (D.C. Cir. 1987) (regarding Garin

Trucking's motion "pursuant to Rule 60(b), to vacate the default judgment[.]") (internal footnote omitted)); *Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d 730, 731 (2d Cir. 1980) ("the court below did not err either in granting relief from the judgment of a foreign court of coordinate jurisdiction or in measuring the reach of Georgia's long-arm statute, and consequently, we affirm.").

In addition to SFTD's failure to convince the Court that Rule 60(b)(4) is an appropriate basis for relief from the Court's order October 11, 2018 order, the Court notes that, while Rule 60(b) sets forth "grounds for relief from a final judgment, order, or proceeding[,]" only Subsections 60(b)(4) and 60(b)(5) make use of the word "judgment." The other subsections – Rules 60(b)(1),(2),(3) and (6) – are not so limited. This suggests that Subsections 60(b)(4) and 60(b)(5) were not intended to provide relief from an order, especially one that simply grants a motion to compel. Nor does SFTD's motion or reply put forth an argument that the order from which it seeks relief constitutes a judgment as defined by Fed. R. Civ. P. 54(a). (*See* DEs 26, 39.) Thus, even if "a court must vacate any *judgment* entered in excess of its jurisdiction[,]" *Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir. 1974), SFTD has not convinced the Court that its October 11, 2018 *order* should be treated as a *judgment* for purposes of Rule 60(b)(4).

        **3.    SFTD's January 10, 2019 request to quash the subpoena *duces tecum* issued on December 8, 2017 will effectively be addressed when the Court considers the pending contempt motion.**

Petitioners' December 19, 2018 contempt motion, which is currently before Judge Parker, asks the Court to "hold Dunhuang Group d/b/a DHGate, DHlink, DHport and DHPay (collectively, 'Dunhuang Group') in civil contempt for failing to obey this Court's October 11, 2018 Order[.]" (DE 17 at 11; *see also* DEs 18, 22.)  As described above, the Court's October 11, 2018 order addresses the May 14, 2018 motion to compel, which sought compliance with the subpoena *duces tecum*.  In their contempt motion, Petitioners allege that Dunhuang Group:  (1) "refuses to produce the subpoenaed documentation to Plaintiffs . . . [;]" and, (2) "refuses to pay Plaintiffs' costs and attorneys' fees despite the Court's orders requiring same in the October 11, 2018 Order[.]"  (DE 17 at 11.)  In response to the contempt motion, SFTD argues that:

1. . . . Rule 45 is wholly inapplicable to [SFTD].
2. . . . this Court does not have personal jurisdiction over [SFTD].
3. . . . even assuming this Court had jurisdiction over [SFTD] and Rule 45 was applicable, Plaintiffs' Subpoena nevertheless did not comply with Rule 45.
4. . . . like Plaintiffs' Motion to Compel [Dkt. 1], it was not served upon [SFTD].

(DE 28 at 10-15; *see also* DE 41.)

Thus, the matter before Judge Parker rises and falls on the enforceability of the subpoena and/or the Court's personal jurisdiction over SFTD.  Accordingly, I

will refrain from opining on SFTD's seemingly tardy, January 10, 2019 request to "[q]uash the subpoena duces tecum issued on December 8, 2017[,]" (DE 26 at 2 ¶ A). To be sure, Judge Parker referred the May 14, 2018 motion to compel to me for hearing and determination, after which I entered both a show cause order and an order granting the motion to compel. (DEs 1, 4, 11-12.) Therefore, it makes sense that Judge Parker later referred to me SFTD's motion to vacate my order. (DEs 26, 27.) However, as explained above, the motion to vacate was filed well beyond the deadline for reconsideration, and SFTD has failed to convince the Court that Rule 60(b)(4) is applicable where, as here, SFTD seeks relief from an order compelling compliance with a subpoena and requiring payment of attorneys' fees and costs. Furthermore, the crux of each of SFTD's arguments in support of its January 10, 2019 motion to vacate – such as the inapplicability of Fed. R. Civ. P. 45, the Court's lack of jurisdiction over SFTD, the invalidity of the subpoena, and the lack of service of the motion to compel – is repeated in SFTD's January 17, 2019 response to Petitioners' motion for contempt, as described above. (*Compare* DE 28 at 10-15, DE 26 at 14-30.) In sum, the Undersigned will refrain from opining on an issue that is squarely before Judge Parker in the contempt motion, particularly where SFTD has sought relief in the instant motion on neither a timely nor a demonstrably applicable basis.

## II.   ORDER

Accordingly, third party SFTD's January 10, 2019 motion (DE 26) to vacate the Court's October 11, 2018 order (DE 12) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 19, 2019

*s/Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 19, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti