**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re* Subpoena *Duces Tecum* to
Dunhuang Group *d/b/a* DHgate,
DHport, DHlink, and DHpay.

Misc. Action No. 18-51051

_____/

NORTH ATLANTIC OPERATING
COMPANY, INC. and NATIONAL
TOBACCO COMPANY, L.P.,

       Petitioners,

v.

DUNHUANG GROUP *d/b/a*
DHgate, DHport, DHlink, and
DHpay,

       Respondents.

Civil Case No. 17-10964
Honorable Linda V. Parker
Magistrate Anthony P. Patti

_____/

## OPINION AND ORDER (1) GRANTING PETITIONERS' MOTION TO HOLD THIRD-PARTY DUNHUANG GROUP IN CONTEMPT (ECF NO. 17) AND (2) DENYING RESPONDENT'S MOTION FOR RECONSIDERATION (ECF NO. 46)

The instant miscellaneous action was initiated to resolve issues related to Petitioners' subpoena *duces tecum* seeking discovery from third-party Dunhuang Group[1], a collection of China-based, e-commerce websites—DHgate, DHport,

---

[1] The Court refers to the e-commerce websites of concern as "Dunhuang Group," which is not to indicate that it recognizes Dunhuang Group as a registered, singular entity; but the Court does conclude, however, that the e-commerce websites were not only advertised as a "family" but also have been and appear to still be

DHlink, and DHpay. Petitioners, makers of ZIG-ZAG® Orange cigarette paper, filed the underlying action against numerous (many anonymous) online sellers alleging violations of the Latham Act and Michigan law—*i.e.*, trademark infringement, trade dress infringement, copyright infringement, improper use, and unfair competition. (*North Atlantic Operating Co., Inc., et al. v. EBay Seller dealz_f0r_you, et al.*, Case No. 17-cv-10964, ECF No. 1.)

Presently before the Court is Petitioners' Motion to Hold Third-Party Dunhuang Group in Contempt, ECF No. 17, for violating this Court's October 11, 2018 Order, ECF No. 12, compelling Dunhuang Group to produce the identities of anonymous merchants engaging in the alleged underlying counterfeiting scheme in accordance with its December 8, 2017 Subpoena *Duces Tecum* (the "Subpoena") pursuant to Federal Rule of Civil Procedure 45. The motion has been fully briefed. (ECF Nos. 17, 28 & 41.) Also, Respondents Shiji Fuxuan Technology Development Limited, owner and operator of the e-commerce websites of concern, filed a Motion to Reconsider Judge Patti's denial of its Motion to Vacate the Order granting Petitioners' Motion to Compel, which has also been fully briefed. (ECF Nos. 46 & 51.) Finding the briefs sufficient, the Court is dispensing with oral

---

significantly interconnected evidencing a formal association. (*See* Case No. 18-mc-51051, ECF No. 44 at 2, 4–5, PgID 1123, 1125–26; *see also* ECF No. 33 at 23–25, PgID 457–60.) Also, a reference to Dunhuang Group will be considered to include the owner and operator, Shiji Fuxuan Technology Development Limited.

argument pursuant to Local Rule 7.1(f)(2). For the reasons that follow, the Court grants Petitioners' motion and denies Respondent's motion.

I. **Factual and Procedural History**

On May 3, 2017, this Court granted Petitioners' motion for a temporary restraining order and request for expedited discovery, which required "Third Party Providers," including DHgate or any other payment processing service providers, to provide Petitioners with the requested discovery "within five (5) days after **actual notice** of [the] Order". (Case No. 17-cv-10964, ECF No. 16 at 17, PgID 1780 (emphasis added).) Seven months later, on December 7, 2017, Magistrate Judge Patti granted Petitioners' *Ex Parte* Motion for Limited Expedited Discovery, which permitted Petitioners' to serve a Rule 45 Subpoena *Duces Tecum* (the "Subpoena") on third-party Dunhuang Group seeking that it identify all accounts used by Defendants in their alleged counterfeiting scheme in the United States. (Case No. 17-cv-10964, ECF No. 100.) Furthermore, Judge Patti required Dunhuang Group, "within fourteen (14) days of service of the subpoena, to respond and produce . . . the information requested." (*Id.* at 5, PgID 2823.)

The following day, on December 8, 2017, Petitioners' issued the Subpoena, which was served upon an individual serving as the registered agent of Dunhuang

Group's payment processor, DHpay, Inc.[2], in Delaware. (ECF No. 10.) **Additionally, Petitioners' served the Subpoena via email on Dunhuang Group in accordance with this Court's May 3, 2017 Order.** (Case No. 17-cv-10964, ECF No. 16 at 10, PgID 1773.) On January 21, 2018, Cui Zeyi of DHgate informed Petitioners' counsel of their "opinion" that DHGate had no legal obligation to comply with the Subpoena as a result of improper service, lack of personal jurisdiction, and conflicts with Chinese law. (Case No. 18-mc-51051, ECF No. 10 at 3–5, PgID 79–81; *see also* ECF No. 28 at 8–10, PgID 286–288, and ECF No. 35–3 at 169–70, PgID 1743–44.) **Given actual notice, acknowledgement thereof, and its stated objections, DHgate did not move to quash or seek a protective order from this Court.**

Because DHgate refused to comply with this Court's May 3, 2017 Order, Petitioners' filed a motion to compel against Dunhuang Group in the District of Delaware—DHpay's jurisdiction of compliance—on May 14, 2018. (Case No.

---

[2] Shiji Fuxuan Technology Development (Beijing) Limited, owner of the Dunhuang Group websites, states that DHpay, Inc. was dissolved by its unspecified "owners" on April 4, 2018, and further contends that it "neither owns nor controls, directly or indirectly, the Delaware corporation DHPay, Inc.", and that it "ha[s] no business dealings and no[] information" concerning DHPay, Inc. (Case No. 18-mc-51051, ECF No. 28 at 9, PgID 287.) The Court rejects this contention finding ample evidence of DHpay's interconnectedness with the Dunhuang Group websites and of DHpay's statutorily mandated continued existence as a corporate body for the purpose of prosecuting or defending suits. (*See supra* n. 1, at 1; *see also* Case No. 18-mc-51051, ECF No. 33 at 9, 23–24, PgID 444, 458–459, and ECF No. 44 at 4–5, PgID 1125–26.)

4

1:18-mc-00154-LPS, ECF No. 1.) **Chief Judge Stark entered a memorandum order acknowledging that DHpay's dissolution did not affect this Court's ability to enforce a subpoena against DHpay** and transferring Petitioners' motion to compel to this Court. (*Id.*, ECF No. 2.) Subsequently, on September 14, 2018, the Court entered an order requiring Respondents to show cause why Petitioners' proposed order granting its motion to compel should not enter, to which Respondents neither appeared nor responded despite the docket **not** indicating that the order was returned as undeliverable[3]. (Case No. 18-mc-51051, ECF No. 11.)

On October 11, 2018, the Court entered an Order granting Petitioners' Motion to Compel and requiring complete production within thirty (30) days of entry. (*Id.*, ECF No. 12.) The Order required, *inter alia*, Dunhuang Group to pay Petitioners' attorney fees and costs. (*Id.*) **Dunhuang Group received actual notice of Petitioners' motion to compel, evidenced by its October 18, 2018 email from Frank Niu, counsel for Dunhuang Group, informing Petitioners' counsel that Dunhuang Group reviewed the motion, still believe it to have no obligation to comply[4], and offering to "quiet the matter if plaintiff agrees to**

---

[3] Shiji argued that it was not served with any notice of the Court's show cause order. (*See* Case No. 18-mc-51051, ECF No. 39 at 13, PgID 951.)
[4] At the time of Niu's October 18, 2018 email, Dunhuang Group could still have filed a timely motion for reconsideration of the Court's October 11, 2018 Order.

5

**forgo its effort to compel the production".** (*Id.*, ECF No. 35–10 at 2, PgID 865.) In response, on October 20, 2018, Petitioners' argued that Dunhuang Group's objections were "meritless" and "already rejected by the Court" and urged Dunhuang Group to "apply to the Court" if it desired relief from the Court's Order. (*Id.*, ECF No. 35–11 at 2, PgID 869.)

On November 11, 2018, via email, Dunhuang Group provided a "response in satisfaction of [the] requests." (*Id.*; *see also* ECF No. 35-13 at 11–12, PgID 897–98.) Petitioners responded with a letter identifying alleged deficiencies. (*Id.*, ECF No. 35–12.) On December 6, 2018, Frank Niu, counsel for DHGate, informed Petitioners' counsel that "DHgate will produce the information after the parties agree on the fees and expenses issue." (*Id.*, ECF No. 35-13 at 3–4, PgID 889–90.) Apparently coming to no agreement, on January 10, 2019, third-party Respondent, Shiji Fuxuan Technology Development (Beijing) Limited, owner and operator of the Dunhuang Group websites, filed a motion to vacate this Court's October 11, 2018 Order and seeking to quash the Subpoena. (*Id.*, ECF No. 26.) On March 19, 2019, Magistrate Judge Patti denied Respondent Shiji's motion to vacate. (*Id.*, ECF No. 44.) Petitioners' instant motion filed December 19, 2018[5] seeks to hold Dunhuang Group in contempt for violations of the Court's standing October 11, 2018 Order granting Petitioners' Motion to Compel. (*Id.*, ECF No. 17.)

---

[5] The Court held its opinion until after the resolution of Shiji's motion to vacate.

## II. Applicable Law & Analysis

### A. The Court's Authority and Personal Jurisdiction

United States courts have the power to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" resulting from "disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401; *see Elec. Workers Pension Trust Fund of Local Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir 2003). The validity of any court order depends upon the court having jurisdiction over the parties. *LGT Enters., LLC v. Hoffman*, 614 F. Supp. 2d 825, 832–33 (citing *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903 (6th Cir.2006) (citation omitted)); *see also Oberlies v. Searchmont Resort, Inc.*, 633 N.W.2d 408, 412 (Mich. Ct. App. June 15, 2001) ("Before a court may obligate a party to comply with its orders, the court must have *in personam* jurisdiction over the party."). To exercise personal jurisdiction over a non-resident party[6], "'the court must be satisfied that Michigan law would authorize [the state] court to exercise jurisdiction, and the exercise must comport with the Due Process Clause of the United States Constitution.'" 614 F. Supp. 2d at 834–35 (citations omitted).

---

[6] A plaintiff need only make a *prima facie* showing of personal jurisdiction over a party to avoid dismissal of the action. *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000).

7

Pursuant to Mich. Comp. Laws § 600.705(1), the "slightest act of business in Michigan" or "doing or causing an act to be done . . . in the state resulting in an action for tort" is sufficient to give the state courts authority to exercise limited personal jurisdiction. *Id.* (citations omitted). Because Michigan's long-arm statute is coterminous with Federal Due Process, this Court must only determine whether its exercise of jurisdiction comports therewith. *Id.* at 836 (citation omitted). Therefore, Petitioners must demonstrate " 'certain minimum contacts with [Michigan] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Music City Metals Co., Inc. v. Jingchang Cai*, No. 3:17-cv-766, 2017 WL 4641866, at *5 (M.D. Tenn. October 17, 2017) (citations omitted). Under the present circumstances, Petitioners need only demonstrate specific jurisdiction,[7] for which the Sixth Circuit has established a three-part test to determine its consistency with the principles of due process, requiring a court to find: (1) purposeful availment of or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a sufficient connection with the forum state to make the exercise of jurisdiction reasonable. *See id.* (citing *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir.

---

[7] "The Supreme Court has identified 'general' jurisdiction and 'specific' jurisdiction as distinct bases for personal jurisdiction. A demonstration of the contacts necessary for either basis is sufficient to establish personal jurisdiction." 2017 WL 4641866, at *5.

8

2012) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1969))).

"The operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state . . . 'if the website is interactive to a degree that reveals specifically intended interaction with residents of the state.' " *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) (*quoting Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002)). The Sixth Circuit "distinguishes between interactive websites, where the defendant establishes repeated online contacts with residents of the forum state, and websites that are passive, where the defendant merely posts information on the site." *Cadle Co. v. Schlichtmann*, 123 Fed.Appx. 675, 678 (6th Cir. 2005). "A website through which a company sells its goods, provides information about its products, and communicates with its customers is sufficiently interactive to establish its operators' purposeful availment of a forum state." 2017 WL 4641866, at *5 (citing *Sports Auth. Mich., Inc. v. Justballs, Inc.*, 97 F. Supp. 2d 806, 814 (E.D. Mich. 2000)).

Here, there is no doubt that each of the websites of concern are interactive e-commerce websites: each sells goods, provides information about products, is sufficiently interactive, is accessible, and avails itself to the citizens of Michigan. Thus, the first two jurisdictional requirements are met. Lastly, the connection

9

between the underlying action to this district is sufficiently substantial to make jurisdiction reasonable because Petitioners have identified merchants from the Dunhuang Group websites allegedly engaged in counterfeiting in this district, and the owner of the websites, Shiji, not only is the custodian of the requested information but also has a demonstrated ability and prior willingness to produce such information. Accordingly, this Court has jurisdiction over the Dunhuang Group websites thereby establishing its authority to enforce its orders against them.

In challenging the Court's jurisdiction, Respondent Shiji first relies on inapplicable case law concerning the lack of the Court's power to subpoena foreign witnesses. This argument is misplaced because this action concerns a subpoena *duces tecum*, which orders the production of evidence, and not a subpoena *ad testificandum*, which orders an individual to appear. Next, Shiji contends that discovery from non-party witnesses must be requested through the Hague Convention. However, a party's duty to produce evidence is subject both to the Convention and to the Federal Rules of Civil Procedure. *See S&S Screw Mach. Co. v. Cosa Corp.*, 647 F. Supp. 600, 614 (M.D. Tenn. 1986) ("[O]nce a court acquires jurisdiction over a party, its power to enforce compliance with its orders is without limit."). Lastly, Shiji attempts to challenge this Court's jurisdiction by arguing that, although it is the owner, operator, and custodian of records for the Dunhuang Group websites, Shiji itself does not have any contacts with Michigan. Shiji

cannot abscond this Court's jurisdiction, neither through the recent dissolution of DHpay nor through its argued disassociation with the websites that it owns and operates. *See Alisoglu v. Central States Thermo King of Oklanhoma, Inc.*, 2012 WL 1666426, at *7 (E.D. Mich. May 11, 2012) ("operation of an *interactive* website accessible from the forum can subject [one] to personal jurisdiction" (citations omitted)).[8]  **For these reasons, the Court finds that it has specific jurisdiction over the Dunhuang Group websites including its owner/operator, Shiji, granting the Court the authority to issue and enforce compliance with its orders.**

Given the Court's authority, Shiji's argument that Rule 45 does not apply is rejected.  The Court also rejects Shiji's argument that the Subpoena is invalid and was not issued or served properly.  First, the Subpoena was permitted to be served via email pursuant to this Court's Orders.  Second, service on a foreign entity is proper in a manner prescribed by Rule 4(f), which permits "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see FKA Distributing Co., LLC v. Yisi Tech. Co., Ltd.*, No. 17-cv-10226, 2017 WL 4129538,

---

[8] Shiji argues that the Court lacks jurisdiction over it because the underlying action stems from the acts of third-party merchants and not its conduct as the owner and operator of the websites of concern.  The Court rejects this argument.  Shiji may be shielded from liability from the acts of third-party merchants, but not from this Court's jurisdiction deriving from Shiji's operation of the Dunhuang Group websites.

11

*1–2 (E.D. Mich. September 19, 2017) (permitting alternative service on a Chinese defendant via email and finding this did not violate any provisions of the Hague Convention). Third, the Subpoena was personally served on the Delaware entity, DHpay, Inc., which not only shared the same owner and CEO as the other Dunhuang Group websites but also was advertised with the other websites. Most significant, the District of Delaware concluded, and this Court agrees, that DHpay must defend against lawsuits regardless of its recent dissolution.

Fourth, the Subpoena required production in the same place of its issuance, which is also the place of the underlying action, thereby eviscerating any distance-based argument raised under Fed. R. Civ. Pro. 45(c)(2)(A). Fifth, counsel for DHgate acknowledged receipt of the Subpoena and of this Court's Order granting Petitioners' motion to compel; yet in neither instance did it seek the Court's relief from such orders. Rather, the parties engaged in negotiations concerning the production and the waiver of the Court's award of costs and fees. Only until the negotiations appeared fruitless did Respondent Shiji submit its challenges to any of the Court's previous Orders. The Court concludes that a valid and proper subpoena was issued against the Dunhuang Group websites; and the Court rejects Shiji's challenges that seek to invalidate it.

## B. Contempt

Petitioners, by clear and convincing evidence, have demonstrated that Dunhuang Group has not fully complied with this Court's October 11, 2018 Order by not sufficiently producing the subpoenaed information and refusing to pay Petitioners' awarded costs and fees. Thus, the burden shifted to Dunhuang Group to demonstrate its present inability to comply with the Court's Order and its prior reasonable efforts to do so. Although Dunhuang Group previously produced some of the requested information to Petitioners, its Response to Petitioners' contempt motion lodged a complete challenge to this Court's jurisdiction, the application of Rule 45, and the validity and proper service of the Subpoena. The Court, however, has rejected each of these arguments. Therefore, Dunhuang Group and Respondent Shiji has failed to meet its burden of demonstrating any inability to comply with the Court's Orders.

Counsel for DHgate and/or Shiji received actual notice of this Court's May 3, 2017 Order and October 11, 2018 Order. This is evidenced by their emails in which they sought to challenge the Orders with Petitioners in lieu of seeking relief from the Court. More significantly, they also attempted to comply with the Orders, but when Petitioners raised deficiencies and refused to waive the cost and fees awarded to them, Shiji then moved the the Court for relief—the first being its motion to vacate the Court's October 11, 2018 order. Given that Shiji's challenges

13

to the Court's Orders have been rejected, the Court concludes that the Dunhuang Group websites—DHgate, DHport, DHlink, DHpay—and Shiji, as the custodian of records and owner/operator of the websites—are in contempt of this Court's October 11, 2018 Order.

### C. Reconsideration

Indeed, a district court may reconsider any pretrial matter where there has been a demonstration that the magistrate judge's order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the arguments advanced in Respondent Shiji's motion for reconsideration are either duplicative of those advanced in its Response to the instant motion or moot as a result of the instant opinion and order. As such, the Court is not convinced that the magistrate judge made a mistake or that the judgement was contrary to law. Therefore, the Court denies Respondents' motion to reconsider.

## III. Conclusion

Accordingly,

**IT IS ORDERED**, that Petitioners' Motion to Hold Third-Party DHgate, DHlink, DHport, and DHpay (collectively, "Dunhuang Group") in Contempt (ECF No. 17) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Respondent Shiji's Motion for Reconsideration (ECF No. 46) is **DENIED**;

14

**IT IS FURTHER ORDERED**, that Dunhuang Group and/or the custodian of records, Shiji, shall immediately take all necessary steps toward producing to North Atlantic all subpoenaed documents response to North Atlantic's subpoena *duces tecum*, with production to be completed within fourteen (14) days of entry of this Order.

**IT IS FURTHER ORDERED**, that "Dunhuang Group" shall pay North Atlantic's costs and attorneys' fees associated with the Motion to Compel and Motion for Contempt. North Atlantic shall file a motion for award of cost and attorneys' fees containing evidence of such subject to modification and approval by the Court as it so deems just and proper.

**IT IS SO ORDERED.**

    s/ Linda V. Parker
    LINDA V. PARKER
    UNITED STATES DISTRICT JUDGE

Dated: May 17, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 17, 2019, by electronic and/or U.S. First Class mail.

    s/ R. Loury
    Case Manager