UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH ATLANTIC
OPERATING COMPANY,
INC. and NATIONAL
TOBACCO COMPANY,
L.P.,

Case No. 4:18-mc-51051
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

    Petitioners,

v.

DUNHUANG GROUP d/b/a
DHgate, DHPORT,
DHLINK, and DHPAY,

    Respondents.
_____/

**OPINION AND ORDER GRANTING IN PART and DENYING IN PART PETITIONERS' MOTION FOR AWARD OF COSTS AND ATTORNEYS' FEES AS TO DUNHUANG GROUP AND SFTD (DE 55)**

**I.    OPINION**

    **A.    Background**

The history of this case is laid out in great detail in this Court's March 19, 2019 opinion and order. (DE 44 at 1-8.) Here, it is sufficient to repeat that the matter at hand began with discovery sought by way of a Fed. R. Civ. P. 45 subpoena in an underlying, anti-counterfeiting action (Case No. 4:17-cv-10964-LVP-APP (E.D. Mich.)), which efforts materialized into Plaintiffs' motion to compel, which initiated the instant, miscellaneous lawsuit.

1

On October 11, 2018, I granted the motion to compel and required that respondent Dunhuang Group pay fees and costs. (DE 12.)[1]  On December 19, 2018, Plaintiffs filed a motion to hold third party Dunhuang Group in contempt for "Dunhuang Group's Willful and Deliberate Refusal to Comply With the Court's Order." (DE 17 at 17.)  Shiji Fuxuan Technology Development (Beijing) Limited (SFTD) filed a motion to vacate, which I denied on March 19, 2019. (DEs 26, 44.)

On May 17, 2019, Judge Parker entered an opinion and order granting Petitioners' motion to hold third-party Dunhuang Group in contempt and denying Respondent's motion for reconsideration of the Court's March 19, 2019 order. (DE 52.)  Of particular import, Judge Parker ordered:

> . . . that "Dunhuang Group" shall pay North Atlantic's costs and attorneys' fees associated with the Motion to Compel [DE 1] and Motion for Contempt [DE 17].  North Atlantic shall file a motion for award of cost and attorneys' fees containing evidence of such subject to modification and approval by the Court as it so deems just and proper.

(DE 52 at 15.)

**B.     Instant Motion**

---

[1] Consistent with Judge Parker's approach, the Undersigned "refers to the e-commerce websites of concern as 'Dunhuang Group,' which is not to indicate that it recognizes Dunhuang Group as a registered, singular entity; but the Court does conclude, however, that the e-commerce websites were not only advertised as a 'family' but also have been and appear to still be significantly interconnected evidencing a formal association.  . . . Also, a reference to Dunhuang Group will be considered to include the owner and operator, Shiji Fuxuan Technology Development Limited." (DE 52 at 1-2 n.1.)

Currently before this Court is North Atlantic Operating Company, Inc. and National Tobacco Company, L.P.'s ("Petitioners' / Plaintiffs'") motion for an award of costs and attorneys' fees as to respondent Dunhuang Group and movant SFTD.  (DE 55.)  Petitioners support their motion with, *inter alia*, affidavits from two of their attorneys.  (DEs 56, 57; *see also* DE 59.)  In sum, Plaintiffs seek reimbursement in the amount of $128,271.83.  (DE 55 at 2, 4, 14.)

SFTD filed a response.  (DE 65 at 1-20.)  SFTD attaches 126 pages of exhibits, which include:  (a) an itemization chart (DE 65 at 21-62); (b) a chart of timekeepers (attorney / paralegal), their years of practice and their rate (DE 65 at 63-64); (c) SFTD counsel's declaration (DE 65 at 65-66); (d) unpublished cases (DE 65 at 67-100); (e) the State Bar of Michigan's 2007 Economics of Law Practice Summary Report (DE 65 at 101-132); and, (f) the State Bar of Michigan's 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report (DE 65 at 133-146).  In sum, SFTD argues that Plaintiffs' request for fees "overreaches," and Plaintiffs' counsels' rates "are not reasonable."  (DE 65 at 12-19.)

Petitioners filed a reply, wherein they argue that SFTD's characterization of their request for fees is "conclusory, self-serving, and arbitrary[,]" and that the State Bar of Michigan's 2017 Economics of Law Practice Report "should NOT be applied to out-of-state and in-state counsel."  (DE 66; *see also* DE 67.)

3

Judge Parker referred this motion to me for hearing and determination. (DE 60.) The hearing on this motion was held on August 27, 2019. Attorneys Lyndsay S. Ott and Adam E. Urbanczyk appeared in person. Following oral argument, I took the motion under advisement.

**C.     Standard**

As made clear by the hearing notice, I have construed Judge Parker's May 17, 2019 order "as based on Fed. R. Civ. P. 37(b)(2)(A)(vii)[.]" (DE 52 at 15, DE 69; *see also* DE 65 at 10, 14.) This particular rule concerns sanctions for not obeying a discovery order, including "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." (*Id.*)[2]

---

[2] The Undersigned recognizes that Fed. R. Civ. P. 37(b)(2)(A) uses the term "party," while the subpoena to *non-party* Dunhuang Group would have been issued in accordance with Fed. R. Civ. P. 45. (*See* DE 10-2, DE 65 at 9.) Although SFTD argues that "Plaintiffs' request does not comport with the scope of attorneys' fees available under Sixth Circuit Rule 37 jurisprudence . . . [,]" SFTD also cites Rule 37 within its "legal standard." (DE 65 at 10-11.) More to the point, Rule 45 does permit a subpoena to command "production of documents, electronically stored information, or tangible things . . . [,]" Fed. R. Civ. P. 45(c)(2)(A), and it provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it[,]" Fed. R. Civ. P. 45(g). Thus, Rules 37(b)(2)(A) and 45(g) each contain a provision for contempt. *See E. Point Sys., Inc. v. Maxim*, No. 3:13-CV-00215 (VAB), 2016 WL 1118237, at *25 (D. Conn. Mar. 22, 2016) ("If a party fails to obey a subpoena or an order to provide discovery, the Court may hold that party in contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii), 45(g)."); *see also, Young v. City of Chicago*, No. 13 C 5651, 2017 WL 25170, at *4 (N.D. Ill. Jan. 3, 2017).

"In setting an award of attorneys' fees, the district court must first arrive at the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The court should then exclude excessive, redundant, or otherwise unnecessary hours." *U.S. Structures, Inc.*, 130 F.3d at 1193 (citing *Hensley*, 461 U.S. at 434). "Next, the resulting sum should be adjusted to reflect the 'result obtained.'" *U.S. Structures, Inc.*, 130 F.3d at 1193.

### D. Discussion

#### 1. Dunhuang exacerbated the effects of its jurisdictional challenge.

I acknowledge that, if Dunhuang did not believe that it was subject to this Court's jurisdiction, Dunhuang had a right to challenge it. Yet, the procedural history of this case also demonstrates that Dunhuang has long been dragging its feet, if not outright playing games, with respect to the December 2017 subpoena at issue here. Dunhuang's actions forced Plaintiffs to file a motion to compel in May 2018 and a motion for contempt in December 2018, all the while holding the subpoenaed documents hostage. (DEs 1, 17.)

More specifically, after apparently receiving a subpoena *duces tecum* (DE 10-2) and a September 2018 order to show cause (DE 11), and having admittedly received a corresponding October 2018 order to comply (including an award of

5

costs against it) well within the time frame for filing a motion for reconsideration (DE 12), Dunhuang sat on its procedural rights. Instead, it filed a tardy January 2019 motion to vacate the Court's order only after Plaintiffs had moved in December 2018 for a finding of contempt. (DEs 17, 24, 26.) This created the need for Plaintiffs to respond, which they did on January 24, 2019 (DEs 33-35), and to attend the February 26, 2019 hearing.

As the Court noted in its March 2019 denial of the motion to vacate, this maneuver was "perchance being used as leverage to force Petitioners to drop their claim for attorneys' fees, as described in the December 6, 2018 email." (DE 44 at 11-12; *see also* DE 17-4 at 2 ("We do feel a deal on fees and expenses before production is the only way out. It is either an [sic] yes or no.")). Subsequently, in its May 17, 2019 order, the Court stated: "counsel for DHgate acknowledged receipt of the Subpoena and of this Court's Order granting Petitioners' motion to compel; yet in neither instance did it seek the Court's relief from such orders." (DE 52 at 12.) That order culminated in a finding of contempt. (*Id.* at 13-14.)

It should not be surprising that all of these efforts to avoid compliance with the subpoena would expend considerable judicial resources and generate many billable hours and fees on the part of Plaintiffs' attorneys, as well as out-of-pocket costs, in Plaintiffs' efforts to dislodge the subpoenaed documents. Simply complying with the subpoena in the first instance or promptly registering a

jurisdictional challenge would have avoided most, if not all, of the ballooned fees caused by Dunhuang's recalcitrance.

### 2. Plaintiffs' request for reimbursement of $125,796.50 in professional fees (280.9 hours at various rates) is reduced.

As a preliminary matter, it is important for the Court to clarify the amount of professional hours for which Plaintiffs seek reimbursement. Plaintiffs' motion totals the legal professional hours as 246.2 and describes the "[t]otal billed attorneys' fees" as "$125,796.50." (DE 55 at 11.) More accurately, Plaintiffs' motion seeks reimbursement of $125,796.50 for *280.9 hours* of combined *attorney and paralegal fees* at various rates.[3]

#### a. The hours sought will be reduced.

As SFTD would have it, Plaintiffs include "at least" 20.00 "vaguely described" hours, 22.30 hours that were not cognizably associated with the Motion to Compel or Motion for Contempt, 13.40 hours that were spent conducting normal discovery-related activities, 28.80 hours that are related to organizing fees and invoices, and 14.80 hours that are generally excessive. (DE 65 at 13-17.) Having specifically contested only 99.3 hours, SFTD effectively acquiesces as to 181.6 of the hours.

---

[3] (*See* DE 56-4 [WNJ (116.4 hours, $37,152.50), (34.7 hours, $11,934.00)]; DE 57-3 [Venable (129.8 hours, $76,710.00)]).

7

The Court has considered each of the line items to which SFTD objects, as referenced in its response (DE 65 at 13-17), and concludes as follows:

- SFTD's <u>vagueness objection is sustained as to the 19 hours described on Line Nos. 103-106, 152, and 223</u> but is overruled as to the 1 hour described on Line No. 101. (DE 65 at 13, 39-40, 48, 57.)

- SFTD's <u>excludable (*i.e.*, relating to matters besides the motions to compel and for contempt, such as the original subpoena itself) objection is sustained as to the 17.1 hours described on Line Nos. 1-9, 36-38, 175, 198, 203, 238, and 252</u> but is overruled as to the 6.6 hours described on Lines 11-14 and 80. (DE 65 at 14, 22-24, 28, 35, 51, 53-54, 59, 61.)[4]

- SFTD's <u>"normal discovery-related activities" objection is sustained as to the 13.4 hours described on Line Nos. 10, 15-19, 21-23, 25-26, 196-197, 204, 227, 234, and 239</u>. (DE 65 at 14-15, 23-26, 53-54, 58-59.)

- SFTD's "organizing fees and invoices" objection is overruled as to the 25.80 hours described on Line Nos. 47-55, 153-155, 157-158, 213-214, 241, 263 but is <u>sustained (although as "relating to other matters") as to the 3.0 hours described on Line Nos. 156, 159 & 160</u>. (DE 65 at 15, 29-31, 48-49, 55-56, 60, 62.)

- SFTD's <u>"generally excessive" objection is sustained as to the 6.4 hours described on Line Nos. 102 and 253-255 (although the Court would apply the "vagueness" objection, rather than the "generally excessive" objection, to Line 102)</u> but is overruled as to the 8.4 hours described on Line Nos. 74, 85-86, 88, 99, and 231. (DE 65 at 15-17, 34, 36, 39-40, 58, 61.)

---

[4] Although SFTD totals these lines as "at least 22.30 hours," (DE 65 at 14), the Court's calculation of these 22 lines amounts to 23.70 hours.

- In addition, SFTD also appears to raise the "generally excessive" objection as to numerous other line items, some of which (Lines 3, 15, 19, 21-23, 26) have already been sustained on other bases. Upon consideration, SFTD's objections are overruled as to the hours described on Line Nos. 11, 27-28, 30, 33, 42, 45, 56, 58-66, 72, 97, 119, 128, 135, 143, 147, 178, 231, 245-246, either as "generally excessive" or because I determine them to be otherwise compensable. (DE 65 at 16, 23, 26-27, 29, 31-32, 34, 39, 42, 44-45, 47, 51, 58, 60.)

In the end, SFTD's objections are sustained as to 58.9 of the hours. Thus, Plaintiffs are entitled to reimbursement for 222 of the 280.9 professional hours for which they applied.

### b. The hourly rates sought will be reduced.

As summarized by SFTD, Plaintiffs seek reimbursement of professional fees at hourly rates ranging from $125-$350 for 3 paralegals and from $260-$795 for <u>12 attorneys</u>. (DE 65 at 64.) SFTD argues that Plaintiffs' counsels' rates "are not reasonable." (DE 65 at 17-19.)

The Court agrees. Competent and sophisticated Detroit area counsel, which Plaintiffs in fact had on board, would have sufficed in these endeavors at local billing rates, rather than at East Coast billable rates in excess of $700 per hour. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("The statute and legislative history establish that 'reasonable fees' under § 1988 are to be calculated according to the prevailing *market rates* in the *relevant community*, regardless of whether plaintiff is represented by private or nonprofit counsel.") (emphases added).

Plaintiffs' efforts to compel compliance with a subpoena, resist Dunhuang's efforts to vacate the order compelling production and enforce the order through contempt proceedings – while no doubt requiring many attorney hours – did not require unusual expertise in intellectual property, as Plaintiffs now argue. In the end, the skills needed to be victorious in these efforts were those possessed by any commercial litigator, including: (a) subpoenaing an out-of-state or foreign nonparty; (b) pursuing a motion to compel; (c) responding to a motion to vacate; and, (d) enforcing the Court's order through contempt proceedings. These efforts should not result in a windfall for Plaintiffs. While the Court recognizes that Plaintiffs' efforts to obtain the documents in question were substantial and justifiable, Plaintiffs' request for nearly $130,000 in costs and fees (for what is, essentially, an extended discovery dispute with a foreign nonparty and for which Plaintiffs utilized the services of no fewer than *12 attorneys and 3 paralegals at 2 different law firms*) is excessive. Many cases in this Court get fully litigated at a lower price tag, including documentary and depositional discovery, motion practice and a jury trial.

### i. Attorney hourly rate

Having considered the motion papers and counsel's oral argument, the Court is persuaded by SFTD's summary chart of the 15 timekeepers, each described by their firm, role, years of practice, and rate(s). (*See* DE 65 at 63-64 [SFTD's Ex.

10

B].) Upon consideration, and consistent with those hours approved above, time attributed to any of the 12 attorneys shall be reimbursed in accordance with the 75th percentile on Table 4 of the 2017 Attorney Hourly Billing Rates by Years in Practice, *i.e.*, $233-335. (*See* DE 65 at 138.)[5]

### ii. Paralegal hourly rate

Plaintiffs seek reimbursement for paralegal work at hourly rates of $125.00, $350.00, and $205.00. (DE 65 at 64.) SFTD advocates for an hourly rate of $90.00, based upon the 75th percentile billing rate for paralegals set forth in the State Bar of Michigan's 2007 *Economics of Law Practice Summary Report*, which is apparently the last year for which paralegal rates were reported. (DE 65 at 19, 127 ["Reported Staff Salaries"].) Upon consideration, consistent with SFTD counsel's agreement on the record and with those hours approved above, and assuming that such rates have not remained stagnant for the past 12 years, time attributed to any of the 3 paralegals shall be reimbursed at an hourly rate of

---

[5]

**2017 Hourly Billing Rates by Years in Practice, Private Practitioners**

|  | Number | 25th Percentile | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|---|---|
| <1 | 52 | 150 | 190 | 197 | 233 | 333 |
| 1 to 2 | 155 | 165 | 200 | 209 | 250 | 300 |
| 3 to 5 | 278 | 175 | 209 | 219 | 250 | 325 |
| 6 to 10 | 485 | 195 | 225 | 239 | 283 | 380 |
| 11 to 15 | 352 | 200 | 250 | 275 | 300 | 450 |
| 16 to 25 | 757 | 200 | 253 | 279 | 325 | 475 |
| 26 to 30 | 393 | 200 | 250 | 278 | 328 | 530 |
| 31 to 35 | 367 | 200 | 250 | 275 | 325 | 515 |
| >35 | 861 | 200 | 250 | 284 | 335 | 510 |
| Total | 3,700 | 200 | 250 | 266 | 305 | 473 |

$120.00. In so concluding, the Court takes into consideration "a combination of its own expertise and judgment." *Stryker Corp. v. Prickett*, No. 1:14-cv-01000-RHB, 2016 WL 7048813, at *3 (W.D. Mich. Dec. 5, 2016) (citations omitted). The Court also notes that the top billing rate for many *attorneys* in this District is less than the $350/hour rate claimed for some of the *paralegal* time.

### 3. Plaintiffs request for reimbursement of $2,475.33 in costs is reduced to $1,455.81.

The remaining amount for which Plaintiffs seek reimbursement is $2,475.33, which is comprised of $2,327.68 in costs incurred by Warner Norcross + Judd LLP and $147.65 costs incurred by Venable. (DE 56-4 at 14-15, DE 57 at 6 ¶ 18; *see also* DE 16-4 at 4). In its response, SFTD specifically challenges: (a) $725.20 as vaguely-described; (b) $511.61 as not cognizably associated with the motions to compel or for contempt; and, (c) seemingly, the second $219.00 copy of the hearing transcript as excessive. (DE 65 at 13-14, 16; DE 65 at 50-51 [Lines 170-171, 162-164, 173-174].)

Upon consideration, SFTD's objections to the above-described $1,019.52 in costs are sustained, although the Court would apply the vagueness objection, rather than the unassociated objection, to the electronic legal research line item. Accordingly, SFTD shall reimburse Plaintiffs for the remaining $1,455.81 in costs.

## II. ORDER

In accordance with the foregoing, Petitioners' motion for award of costs and attorneys' fees as to Dunhuang Group and SFTD (DE 55) is **GRANTED IN PART** and **DENIED IN PART**. Based on the foregoing, detailed rulings as to hours, rates and allowable costs, the parties should be able to calculate and agree upon the amount due. Once they have, they are to submit to me a proposed "Supplemental Order Awarding Attorneys' Fees and Costs," which is signed by both counsel "approved as to form only."[6] In the unlikely event that the parties are unable to agree upon their calculation as to the amount, then they may contact chambers and request a telephonic conference.

**IT IS SO ORDERED.**

Dated: September 26, 2019

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiffs and SFTD may also choose to stipulate to the amount, thus waiving any appeal.